IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE A. WINKELMAN, | ) | |
|     Petitioner, | ) | Civil Action No. 11-188 Erie |
| | ) | |
| v. | ) | District Judge Sean J. McLaughlin |
| | ) | Magistrate Judge Susan Paradise Baxter |
| ARCHIE B. LONGLEY, | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Petitioner George A. Winkelman is a federal inmate currently incarcerated at the Federal Correctional Institution McKean, in Bradford, Pennsylvania. Pending before this Court at this docket number is one of his more recent petitions for a writ of habeas corpus, which he has filed pursuant to 28 U.S.C. § 2241. In the instant petition, Winkelman challenges criminal convictions that he received in 2003 in a case before the U.S. District Court for the Middle District of Pennsylvania, and the subsequent sentences that he received for those convictions. It is recommended that the petition be summarily dismissed without service[1] because it is at least the third § 2241 petition that Winkelman has filed with this Court in which he challenges the validity of his 2003 convictions and subsequent sentences. Therefore, he has engaged in abuse of the writ. The petition is also subject to dismissal under 28 U.S.C. § 2244(a).

---

[1]    This Court may dismiss the petition prior to service if it plainly appears on its face that Winkelman is not entitled to relief in habeas. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 petitions through Rule 1(b).

1

## II. REPORT

Winkelman is well known to this Court. As explained in the undersigned's Opinion and Order issued in Winkelman v. Quintana, 1:08-cv-354 (W.D. Pa., Apr. 14, 2011), on September 25, 2001, a federal grand jury serving in the U.S. District Court for the Middle District of Pennsylvania handed up an 11-count indictment against ten defendants, including Winkelman, alleging a conspiracy to possess with intent to distribute and distribution of more than five kilograms of powder cocaine in the town of Renovo, Pennsylvania. The indictment also alleged substantive counts of possession with intent to distribute. In October 2001 and March 2002, the U.S. Government filed superseding indictments. By March 2003, all defendants other than Winkelman and his brother, John, had entered into plea agreements with the government.

On April 10, 2003, a federal grand jury handed up a third superseding indictment, resulting in a total of sixteen counts. This indictment contained new allegations and charges. It added Counts Ten and Twelve against Winkelman, which are the two counts that he challenged in the previous action before this Court at Winkelman v. Quintana, 1:08-cv-354. At Count Ten, he was charged with violating 18 U.S.C. § 924(c)(1) from on or about January 1986 to October 2001, for having knowingly used, carried and possessed firearms during and in relation to and in furtherance of a drug trafficking crime (the crime being conspiracy to possess with intent with intent to distribute and distribution of cocaine and marijuana in violation of 21 U.S.C. § 846). At Count Twelve, he was charged with violating 18 U.S.C. § 924(c)(1) for engaging in the same conduct during the fall of 2000.

On November 13, 2003, in addition to finding Winkelman guilty of Counts Ten and Twelve, the jury also convicted him of Conspiracy to Distribute Cocaine, Conspiracy to Distribute Five Kilograms or More of Cocaine, and Distribution of Cocaine, in violation of 21 U.S.C. §§ 846 and 859, respectively (Count One); Substantive Distribution, Attempted Distribution and Possession With Intent to Distribute

2

Cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Five); and Possession With Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B)(ii) (Count Nine). The court sentenced him to a total aggregate term of 720 months' imprisonment, to be followed by ten years of supervised release. On May 18, 2006, the U.S. Court of Appeals for the Third Circuit affirmed his convictions but vacated the sentences the court had imposed at Counts One, Five, and Nine and remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005) and United States v. Cooper, 437 F.3d 324 (3d Cir. 2006).

On October 17, 2006, the Middle District Court resentenced Winkelman to total aggregate term of 480 months' imprisonment to be followed by 10 years of supervised release. He filed another appeal, which the Third Circuit Court of Appeals dismissed pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure.

On February 23, 2007, Winkelman filed with the Middle District Court a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in which he raised 27 claims of ineffective assistance of counsel during trial and appeal, trial court error, and indictment insufficiency. On March 10, 2008, the court issued a Memorandum Order denying the § 2255 motion. Winkelman filed an application for a certificate of appealability with the Third Circuit Court of Appeals. On July 10, 2008, the court issued an Order in which it denied the application. See 7/10/08 Order in United States v. Winkelman, No. 08-1932 (3d Cir.).

On January 22, 2010, Winkelman filed with the Middle District Court a motion pursuant to Rule 60(b)(6) in which he asserted that the Assistant U.S. Attorney who had prosecuted his case had fabricated evidence and presented perjured testimony. The court denied that motion as an improper second or successive § 2255 motion. The Third Circuit Court of Appeals subsequently denied him a certificate of appealability. See 11/4/10 Order in United States v. Winkelman, No. 10-3200 (3d Cir.)).

3

Having had no success in getting his convictions and sentences vacated in the Middle District Court, Winkelman began seeking relief from this Court by way of petitions for a writ of habeas corpus pursuant 28 U.S.C. § 2241. On April 14, 2011, in Winkelman v. Quintana, 1:08-cv-354 (W.D. Pa.), the undersigned issued an Opinion and Order dismissing a § 2241 petition that he had filed at that docket number because he was challenging the validity of his convictions and sentences, and therefore the issues he raised in that petition were not within the jurisdiction of this Court. See 28 U.S.C. § 2255; Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). On July 29, 2011, the Third Circuit Court of Appeals affirmed. Winkelman v. Quintana, No. 11-2292, slip op. (3d Cir. July 29, 2011)).

In another habeas proceeding docketed at Winkelman v. Longley, 1:10-cv-302 (W.D. Pa.), Winkelman once again challenged his convictions and sentences. On November 8, 2011, Magistrate Judge Maureen P. Kelly issued an Opinion and Order dismissing the petition because, *inter alia*, it constituted an abuse of the writ. ECF No. 15 in Winkelman v. Longley, 1:10-cv-302 (W.D. Pa. Nov. 8, 2011) (Kelly, M.J.). On November 3, 2011, Magistrate Judge Kelly issued a Report and Recommendation in which she recommended that yet another § 2241 petition filed by Winkelman be dismissed for abuse of the writ. ECF No. 5 in Winkelman v. Longley, No. 1:11-cv-240 (W.D. Pa. Nov. 3, 2011).

Winkelman also has continued to file applications under 28 U.S.C. § 2244 with the Third Circuit Court of Appeals in which he seeks authorization to file a second or successive § 2255 motion with the Middle District Court. He has not been successful. On June 10, 2011, the court denied one of his applications. See 6/10/11 Order in In Re: George A. Winkelman, No. 11-2297 (3d Cir.). On October 5, 2011, it denied yet another. See 10/5/11 Order in In Re: George A. Winkelman, No. 11-3388 (3d Cir.).

**B.    Discussion**

The instant § 2241 habeas petition must be dismissed under the abuse of the writ doctrine, described by the Supreme Court in McCleskey v. Zant, 499 U.S. 467, 491-92 (1991). See also Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Zayas v. Immigration & Naturalization Serv., 311 F.3d 247 (3d Cir. 2002). It is also subject to dismissal under 28 U.S.C. § 2244(a), which provides that a petition for writ of habeas corpus filed under § 2241 should be dismissed if it raises issues that "either had been, or could have been, decided in" a previous habeas action.[2] Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam).

As explained above, Winkelman has filed various motions with the Middle District Court, as well as unsuccessful applications for authorization to file successive § 2255 motions with the Third Circuit Court of Appeals, all in an effort to get relief from his convictions and sentences. Having had no success before those courts, he now has become a serial filer of § 2241 habeas petitions with this Court in an attempt to get his convictions and sentences vacated, even though § 2241 does not provide the mechanism for him to do so. See, e.g., ECF No. 14 in Winkelman v. Quintana, 1:08-cv-354, slip op. at 6-9. Moreover, the issues that he has raised in this action either have been, or could have been, decided in the first habeas action he filed with this Court.

**C.    Certificate of Appealability**

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement.

---

[2]    28 U.S.C. § 2244(a) provides: "No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255."

5

United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).  As such, this Court makes no certificate of appealability determination in this matter.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice.  Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Winkelman is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to do so will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                         /s/ Susan Paradise Baxter
                                         SUSAN PARADISE BAXTER
                                         United States Magistrate Judge

Dated:  November 28, 2011

cc:      The Honorable Sean J. McLaughlin
          United States District Judge